**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LUCIAN PATCHELL,

    **Plaintiff,**

  v.                                                                                        No. 16-cv-0387 JCH/SMV

LORENZO SILVA,

    **Defendant.**

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Pro Bono Counsel [Doc. 3], filed on May 5, 2016. Plaintiff is incarcerated in Oregon and proceeding pro se in this 42 U.S.C. § 1983 action. He sues Defendant Silva, a Major at the Taos County Correctional Facility for an incident that allegedly occurred in 2014 when Plaintiff was incarcerated in New Mexico. [Doc. 1]. He reports that he is indigent and cannot afford to pay an attorney. He says that he has tried to obtain pro bono counsel on his own, but no attorney has responded to him. Finally, he says that he is not educated in the law or court procedure. For these reasons he requests that the Court appoint an attorney to represent him pro bono. [Doc. 3].

The problem is that United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the

legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).  Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel (i.e., to warrant referring this case to the Court's pro bono panel).   Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 3] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**