**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUCIAN MOON PATCHELL,

      **Plaintiff,**

vs.                                **No. CV 16-00387 JCH/SMV**

MAJER LORENZO SILVA,
TAOS COUNTY ADULT DETENTION CENTER,

      **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Lucian Moon Patchell on May 6, 2016 ("Complaint"). (Doc. 1). The Court will dismiss Patchell's Complaint for failure to state a claim for relief, but will grant Patchell leave to file an amended complaint within thirty (30) days.

### *1. <u>Standards for Failure to State a Claim</u>*

Plaintiff Patchell is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must

allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33. In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be

given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

## 2. *Claims for Relief Under 42 U.S.C. § 1983*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized allegations against "defendants" or "officers," without identification of individual actors and conduct that caused the deprivation

of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

To state a claim against a supervisory official, it was not enough for a plaintiff to make indefinite allegations that defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. *Serna v. Colorado Dept. of Corrections,* 455 F.3d 1146, 1151 (10th Cir. 2006). To impose § 1983 liability the plaintiff must establish the supervisor's subordinates violated the Constitution and an affirmative link between the supervisor and the violation. *Id.* To meet this "affirmative link" requirement a Plaintiff must show: (1) personal involvement by the supervisor, (2) sufficient causal connection between the supervisor's personal involvement and the constitutional violation, and (3) a culpable state of mind on the part of the supervisor. A plaintiff may establish the defendant-supervisor's personal involvement by demonstrating his personal participation in the constitutional violation, his actual exercise of control or direction over the officials in the commission of the violation, his failure to supervise, or his knowledge of the violation and acquiescence in it. *Poolaw v. Marcantel,* 565 F.3d 721, 732-33 (10th Cir. 2009); *Jenkins v. Wood,* 81 F.3d 988, 995 (10th Cir.1996). A defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights also may constitute sufficient personal involvement. *See Meade v. Grubbs,* 841 F.2d 1512, 1528 (10th Cir.1988). A plaintiff then must establish the requisite causal connection by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. *Poolaw,* 565 F.3d at 732–33; *see, also, Snell v. Tunnell,* 920 F.2d 673, 700 (10th Cir. 1990). Last, the plaintiff is required to show the supervisor had a culpable state of mind, meaning "the

supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." *Serna,* 455 F.3d at 1151, 1154. *Dodds v. Richardson*, 614 F.3d 1185, 1194–96 (10th Cir. 2010).

### 3. *Patchell's Complaint Fails to State a Claim for § 1983 Relief*

Applying the § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) standards, the original Complaint filed by Patchell fails to state a claim for relief under § 1983. Patchell claims that on June 17, 2014 at the Taos County Adult Detention Center, he was strip-searched in the presence of female staff, had a mace/pepper ball gun aimed at him, and was forced to sit "in other peoples snot, spit, and 'lewgies'" in violation of his 8th and 14th Amendment rights. (Doc. 1 at 2-3). Patchell does not identify any of the individual detention facility officers actually involved in the alleged unconstitutional acts. The Complaint does not name, and fails to state a claim for relief against, any subordinate Taos County Adult Detention Center official. *Fogarty v. Gallegos,* 523 F.3d at 1162.

Patchell does identify "Majer Lorenzo Silva" as a Defendant and appears to claim supervisory liability on the part of Defendant Silva. (Doc. 1 at 1-2). Patchell alleges that Defendant Silva is "the jail commander/chief of operations at the Taos County Adult Correctional Facility." (Doc. 1 at 2). Plaintiff Patchell makes generalized allegations that the actions he complains of were taken "while under direct order from Mr. Silva," "under Mr. Silva's direct supervision," and "under direct authority and instruction of Majer Silva." (Doc. 1 at 2-3). Patchell fails, however, to allege specific facts showing personal involvement in the alleged constitutional violations by Silva, a causal connection between Silva's personal involvement and the constitutional violation, or a culpable state of mind on the part of Defendant Silva. *Serna,* 455 F.3d at 1151-1154; *Dodds*, 614 F.3d at 1194–96. Plaintiff Patchell fails to

sufficiently state a plausible claim of supervisory liability against Defendant Silva. *Twombly*, 550 U.S. at 570.

Last, Patchell also names the Taos County Adult Detention Center as a Defendant. The Taos County Adult Detention Center is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the Taos County Adult Detention Center under § 1983. Therefore, the claims against the Taos County Adult Detention Center fail to state a claim for relief and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

### 4. *Patchell Will Be Granted Leave to Amend*

The Court will grant Patchell a reasonable opportunity to remedy defects in his pleading. *Reynoldson v. Shillinger,* 907 F.2d at 126. Plaintiff Patchell will have thirty (30) days from the date of entry of this Order in which to file an amended complaint. Plaintiff's amended complaint should be concise and must allege some personal involvement by identified officials in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Generalized allegations against "defendants" or "officers", without identification of actors and their individual conduct allegedly causing the deprivation of a constitutional right, will not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

The amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir.1988). To the extent he seeks to hold a supervisor liable, he must allege facts showing personal involvement by the supervisor, causal connection, and a culpable state of mind. *Serna,* 455 F.3d at 1151. If Plaintiff fails to file

an amended complaint or files an amended complaint that does not comply with these directions, the Court may dismiss this action with prejudice and without further notice.

Also pending before the Court is Plaintiff Patchell's Request to Amend Complaint (Doc. 8). Patchell's Request to Amend suffers from the same deficiencies as his original Complaint. He fails to identify any individual or specify individualized actions. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Court will deny his Request to Amend Complaint, without prejudice to the opportunity to amend granted by the Court in this Memorandum Opinion and Order.

**IT IS ORDERED:**

(1) Plaintiff Lucian Moon Patchell's Request to Amend Original Complaint (Doc. 8) is **DENIED;**

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff Lucian Moon Patchell on May 6, 2016 ("Complaint") (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(3) Plaintiff is granted thirty (30) days from the date of entry of this Memorandum Opinion and Order to file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE