# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LUCIAN MOON PATCHELL,

      Plaintiff,

vs.                                        No. CV 16-00387 JCH/SMV

MAJER LORENZO SILVA,
TAOS COUNTY ADULT DETENTION CENTER,

      Defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* on the Prisoner's Civil Rights Complaint filed by Plaintiff Lucian Moon Patchell on May 6, 2016 ("Complaint") (Doc. 1). The Court previously dismissed the Complaint without prejudice for failure to state a claim and afforded Patchell the opportunity to amend to state a claim for relief. (Doc. 12). Patchell has not filed an amended complaint. The Court will now dismiss Patchell's Complaint, with prejudice, for failure to state a claim for relief and failure to prosecute, and will impose a "strike" under 28 U.S.C. § 1915(g).

*1.* *__Failure to State a Claim:__* Plaintiff Patchell is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court many dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court accepts well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). A claim should be dismissed where

it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570; *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Under § 1915(e)(2)(B) the Court may dismiss the complaint if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The Court is not required to accept the truth of the plaintiff's allegations but may go beyond the pleadings and consider any other materials filed by the parties. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

Although the Court liberally construes the factual allegations, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Northington v. Jackson,* 973 F.2d 1518, 1520-21 (10th Cir. 1992); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims, nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

*2. **Patchell's Complaint Fails to State a Claim for § 1983 Relief:*** The Court has previously determined that Patchell's Complaint fails to state a claim for relief. (Doc. 12). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation

to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff's complaint must "make clear exactly *who* is alleged to have done *what to whom*." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized allegations against "defendants" or "officers," without identification of individual actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

As the Court has determined, applying the § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) standards, the original Complaint filed by Patchell fails to state a claim for relief under § 1983. Patchell alleges that on June 17, 2014 at the Taos County Adult Detention Center, he was strip-searched in the presence of female staff, had a mace/pepper ball gun aimed at him, and was forced to sit "in other peoples snot, spit, and 'lewgies'" in violation of his 8th and 14th Amendment rights. (Doc. 1 at 2-3). Patchell does not identify any of the individual detention facility officers actually involved in the alleged unconstitutional acts. The Complaint does not name, and fails to state a claim for relief against, any subordinate Taos County Adult Detention Center official. *Fogarty v. Gallegos,* 523 F.3d at 1162.

Patchell does identify "Majer Lorenzo Silva" as a Defendant and appears to claim supervisory liability on the part of Defendant Silva. (Doc. 1 at 1-2). Patchell alleges Silva is "the jail commander/chief of operations at the Taos County Adult Correctional Facility" and makes generalized allegations that the claimed wrongful actions were taken "while under direct order from Mr. Silva," "under Mr. Silva's direct supervision," and "under direct authority and instruction of Majer Silva." (Doc. 1 at 2-3). Patchell fails, however, to allege specific facts showing personal involvement in the alleged constitutional violations by Silva, a causal connection between Silva's personal involvement and the constitutional violation, or a culpable

state of mind on the part of Defendant Silva. *Serna v. Colorado Dept. of Corrections,* 455 F.3d 1146, 1151 (10th Cir. 2006); *Dodds v. Richardson*, 614 F.3d 1185, 1194–96 (10th Cir. 2010). Plaintiff Patchell fails to sufficiently state a plausible claim of supervisory liability against Defendant Silva. *Twombly*, 550 U.S. at 570.

Last, Patchell also names the Taos County Adult Detention Center as a Defendant. The Taos County Adult Detention Center is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the Taos County Adult Detention Center under § 1983. Therefore, the claims against the Taos County Adult Detention Center fail to state a claim for relief and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

***3. Patchell Failed to Amend his Complaint:*** The Court granted Patchell a reasonable opportunity to remedy defects in his pleading. *See* Doc. 12. *See, also, Hall v. Bellmon,* 935 F.2d at 1109; *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The Court also notified Patchell that, if he failed to file an amended complaint, the Court may dismiss this action with prejudice and without further notice. (Doc. 12 at 6-7). The Court's Memorandum Opinion and Order was returned to the Court as undeliverable. (Doc. 13). Therefore, the Court re-mailed the Memorandum Opinion and Order to Plaintiff Patchell on November 15, 2017. Upon receipt of the Memorandum Opinion and Order, rather than filing an amended complaint, Patchell chose to file a letter requesting reconsideration of the Court's ruling. (Doc. 15).

The Court construes Plaintiff Patchell's November 27, 2012 request as a motion for reconsideration under Fed. R. Civ. P. 59(e). Grounds warranting reconsideration under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for

reconsideration is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Patchell's request for reconsideration does not identify any change in controlling law, new evidence that was previously unavailable, or clear error that must be corrected to prevent manifest injustice. Instead, Patchell continues to reiterate his vague allegations that Major Lorenzo Silva "was the actor spoken of in the Complaint." (Doc. 15). He, again, does not specify facts sufficient to show not only personal involvement in the alleged constitutional violations by Silva, but a causal connection between Silva's personal involvement and the constitutional violation, or a culpable state of mind on the part of Defendant Silva. *Serna v. Colorado Dept. of Corrections,* 455 F.3d at 1151; *Dodds v. Richardson*, 614 F.3d at 1194–96. 2010). Patchell's letter request does not establish a basis for reconsideration, nor is it sufficient to constitute an amended complaint. *Van Skiver v. United States,* 952 F.2d at 1243; *Servants of Paraclete v. Does*, 204 F.3d 1012.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Patchell's letter request is insufficient to warrant reconsideration of the Court's prior ruling, nor does it comply with the Court's order to file an amended complaint. Therefore, the Court will deny Patchell's request for reconsideration (Doc. 15) and will dismiss this civil proceeding pursuant to rule 41(b) for failure to prosecute this case.

***4. The Court Will Impose a § 1915(g) Strike:*** When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the

costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Patchell's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g). Patchell is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) Plaintiff Lucian Moon Patchell's letter request for reconsideration (Doc. 15) is **DENIED;**

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff Lucian Moon Patchell on May 6, 2016 (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted and failure to prosecute; and

(3) a **STRIKE** is imposed against Plaintiff Patchell under 28 U.S.C. § 1915(g).


_____
UNITED STATES DISTRICT JUDGE